UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATONYA R. FINLEY,<br>　　　　Plaintiff,<br>　　v.<br>COUNTY OF ALAMEDA,<br>　　　　Defendant. | Case No. 13-cv-04297-MEJ<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. No. 10 |

## INTRODUCTION AND BACKGROUND

Before the Court is Defendant County of Alameda's ("County") Motion to Dismiss Plaintiff Latonya R. Finley's ("Plaintiff") First Amended Complaint ("FAC"). Dkt. No. 10.

On November 20, 2013, Plaintiff filed the FAC, in which she alleges that in 2012, the County failed to pay her wages of $2,750.00 for work she performed as an In-Home Supportive Services ("IHSS") personal care service provider. FAC ¶¶ 7-9, Dkt. No. 7. Plaintiff further alleges that IHSS had a fiduciary duty to ensure that all providers are informed of the requirements they must meet in order to receive payment, including relevant grievance and complaint procedures. *Id*. ¶ 5. Plaintiff maintains that the County misled her regarding these grievance and complaint procedures in order to dupe her out of payment for services she provided under contract with IHSS. *Id*. ¶¶ 6, 8.

The County moves to dismiss the FAC pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) on the ground that there is no subject matter jurisdiction. The County also moves to dismiss pursuant to Rule 12(b)(6) because the FAC fails to state a claim. Plaintiff filed an Opposition on January 22, 2014, in which she argued that this Court has jurisdiction because IHSS is a federally funded program. Opp'n at 2., Dkt. No. 20. The County filed a Reply on

1    January 29, 2014.  Dkt. No. 21.  On February 11, 2014, the Court found this matter suitable for

2    dispotion without oral argument and vacated the noticed hearing.  Dkt. No. 22.

3        For the reasons set forth below, the Court GRANTS the County's Motion to Dismiss

4    WITHOUT LEAVE TO AMEND.

## LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 12(b)(1)

Federal district courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted). Accordingly, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*

Rule 12(b)(1) authorizes a party to move to dismiss a lawsuit for lack of subject matter jurisdiction.  The party seeking to invoke the jurisdiction of the District Court has the burden of establishing that jurisdiction exists.  *Tosco Corp. v. Cmtys. for a Better Env't*, 236, F.3d 495, 499 (9th Cir. 2001).  The Court is under a continuing duty to dismiss an action whenever it appears that it lacks jurisdiction.  *Spencer Enters., Inc. v. United States*, 345 F.3d 683, 687 (9th Cir. 2003).

A party moving to dismiss pursuant to Rule 12(b)(1) may make a facial or a factual attack on jurisdiction.  A facial attack challenges the sufficiency of the jurisdictional allegations in a complaint.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial challenge, the moving party contends that, even accepting all of the allegations in the plaintiff's complaint as true, the plaintiff has failed to establish that the Court has jurisdiction over the claims.  *Id.*  In evaluating a facial attack on jurisdiction, the Court must accept the factual allegations in a complaint as true and draw all reasonable inferences in the plaintiff's favor.  *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.  *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual attack on jurisdiction, the Court "need not presume the truthfulness of the plaintiff's allegations" and "may review evidence beyond the complaint without converting the

2

1   motion to dismiss into a motion for summary judgment." *Id.* (citation omitted).

2   **B.     Federal Rule of Civil Procedure 12(b)(6)**

Under Rule 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law").

Even under the liberal pleading standard of Rule 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555.) "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." *Id.* at 663-64.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted).

## DISCUSSION

**A.  The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claim For Unpaid Wages.**

In its Motion, the County argues that dismissal is appropriate because the Court lacks subject matter jurisdiction over Plaintiff's claim for payment for services she rendered as a personal care provider. Mot. at 4.

In the FAC, Plaintiff alleged that the Court has jurisdiction over her claim for unpaid wages pursuant to California Welfare & Institutions Code section14104.5.[1] FAC. ¶ 2. This section applies to Plaintiff's claim through California Department of Health Services Regulation 51015.2 ("Regulation"), which sets forth the administrative procedure a personal care provider must follow to redress a grievance or make a complaint concerning the processing or payment of money for services rendered. Cal. Code Regs. tit. 22, § 51015.5 (1993). After following this procedure, "a provider who is not satisfied with the decision by the designated county department may seek appropriate judicial remedies in compliance with Section 14104.5 of the Welfare and Institutions Code, no later than one year after receiving notice of the decision." *Id*.

---

[1] California Welfare & Institutions Code section14104.5 provides in relevant part:

> Notwithstanding any other provision of law, the director shall regulation adopt such procedures as are necessary for the review of a grievance or complaint concerning the processing or payment of money alleged by a provider of services to be payable by reason of any provisions of this chapter. After complying with these procedures, if the provider is not satisfied with the director's decision on his or her claim, he or she may not later than one year after receiving notice of the decision, file a petition for writ of mandate pursuant to Section 1085 of the Code of Civil Procedure in the superior court. This section shall be the exclusive remedy available to the provider of services for moneys alleged to be payable by reason of this chapter.

4

Plaintiff alleges that although she did not follow the grievance procedure governing claims for payment, the Court nevertheless has jurisdiction because the County misrepresented the proper claims procedure to her. FAC at 3. However, this allegation is insufficient to confer jurisdiction because Plaintiff's failure to timely comply with the mandatory administrative exhaustion requirements of Welfare & Institutions Code section 14504.5 created a jurisdictional bar to her claims.

"Exhaustion of administrative remedies is a jurisdictional prerequisite to resort to the courts." *Campbell v. Regents of the Univ. of Cal.*, 35 Cal.4th 311, 321 (2005) (quoting *Johnson v. City of Loma Linda*, 24 Cal.4th 61, 70 (2000)) (internal quotations omitted). The doctrine of exhaustion of administrative remedies is a well-established rule of California jurisprudence that "is not a matter of judicial discretion, but is a fundamental rule of procedure . . . binding upon all courts." *Abelleira v. Dist. Ct. of Appeal*, 17 Cal.2d 280, 293 (1941). Accordingly, "where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act." *Campbell*, 35 Cal.4th at 321 (quoting *Abelleira*, 17 Cal.2d at 292 (internal quotations omitted).

Rather than address the County's jurisdictional argument, Plaintiff instead contends that the Court has jurisdiction under 42 U.S.C. § 2000d, which provides: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." Opp'n. at 2. These newly added allegations are insufficient to meet Plaintiff's burden of establishing subject matter jurisdiction. *See Kokkonen,* 511 U.S. at 377. Plaintiff has not shown that she attempted to exhaust her administrative remedies or that she should be excused from doing so. Nor has Plaintiff alleged any factual basis to support a claim of discrimination.

Accordingly, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims and GRANTS the motion to dismiss. As the defect cannot be cured by amendment, the dismissal is WITHOUT LEAVE TO AMEND.

**B. Government Code Section 818.8 Bars Plaintiff's Misrepresentation Claim Against the County**

The FAC also appears to allege a misrepresentation claim against the County.  Compl. ¶ 4. The basis of this claim is that IHSS had a fiduciary duty to ensure that all personal care providers were informed of the requirements they must meet in order to receive payment, including relevant grievance and complaint procedures, but intentionally failed to provide Plaintiff with this information in order to "dupe" her out of payment.  *Id.*  The County moves to dismiss this claim because it maintains it is absolutely immune from liability for misrepresentation.

California Government Code section 818.8 provides: "A public entity is not liable for an injury caused by misrepresentation by an employee of the public entity, whether or not such misrepresentation be negligent or intentional."  The immunity of governmental entities for misrepresentation under the California Tort Claims Act (Cal. Gov't. Code §§ 810 et seq.) is limited to misrepresentations of a financial or commercial character.  *Tokeshi v. State of California,* 217 Cal. App. 3d 999, 1004-05 (1990).  This immunity is absolute.  *See Genevier v. U.S. Citizenship and Immigration Svcs.*, 144 Fed.Appx. 586, 588 (9th Cir. 2005) (affirming dismissal of pro se plaintiff's misrepresentation claims against various public entities pursuant to Gov. Code section 818.8 where alleged misrepresentations caused plaintiff to lose welfare benefits); *Masters v. San Bernardino Cnty. Emp. Retirement Ass'n.*, 32 Cal.App.4th 30, 37 (1995) (holding county wholly immune pursuant to section 818.8 for fraud and negligent misrepresentation arising out of denial of plaintiff's disability retirement pension); *Nuveen Mun. High Income Opportunity Fund v. City of Alameda*, 730 F. 3d 1111, 1124 (9th Cir. 2013); *Freeny v. City of San Buenaventura*, 216 Cal. App. 4th 1333, 1346 (2013).  Moreover, public employees that make negligent or intentional misrepresentations are themselves immune from liability unless they are "guilty of actual fraud, corruption or actual malice."  Cal. Gov. Code § 822.2.

In her Opposition, Plaintiff does not address the applicability of Government Code section 818.8, but instead contends that the County is not immune under an unspecified portion of "Title IV of the Civil Rights Act of 1964" for failure to follow "applicable regulatory procedures in processing the appeal process for payment dispute" in "violation of Title 51015.2."  Opp'n at 2.

This contention is insufficient to overcome the County's argument that it is entitled to absolute immunity for the alleged misrepresentations of its employees.  In the FAC, Plaintiff alleged that the County's misrepresentation interfered with her ability to get paid.  FAC at p. 3.  But "[o]utside the narrow context of the social service area, immunity will prevail where the governmental misrepresentation interfered with either a commercial or financial interest." *Tokeshi,* 217 Cal. App. 3d at 1006 (1990) (citing *Brown v. City of Los Angeles,* 267 Cal.App.2d 849 (1968)).  Here, the alleged misrepresentation interfered with Plaintiff's ability to collect money she believed the County owed her, an interference with her financial interest.  Accordingly, the County is immune from liability under Government Code section 818.8.  For this reason, the Court GRANTS the County's motion to dismiss this claim.  As the defect cannot be cured by amendment, the dismissal is WITHOUT LEAVE TO AMEND.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the  Motion to Dismiss WITHOUT LEAVE TO AMEND.  The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: May 12, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge